IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-285-BO-RN

ROSA TORRES,  )
    Plaintiff,  )
  )
v.  )    O R D E R
  )
MARTIN O'MALLEY,  )
*Commissioner of Social Security*,  )
    Defendant.  )

This matter is before the Court on plaintiff's complaint seeking review of the final decision of the Commissioner of Social Security and entry of judgment in her favor. [DE 1]. Plaintiff filed a brief pursuant to the Supplemental Rules for Social Security. [DE 16]. Defendant subsequently filed a motion to remand [DE 19], which plaintiff opposes [DE 20]. A hearing was held before the undersigned on June 28, 2024, at Raleigh, North Carolina and the matters are ripe for ruling. For the reasons discussed herein, defendant's motion to remand is granted [DE 19].

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her first application for disability and disability insurance benefits pursuant to Title II of the Social Security Act, and supplemental security income pursuant to Title XVI of the Social Security Act. [DE 1, 16]. Plaintiff filed her first application on October 11, 2017. Tr. 1623. In June 2019, plaintiff received an unfavorable decision from an administrative law judge (ALJ). Tr. 1620. Plaintiff subsequently sought review from the Appeals Council (AC), which affirmed the ALJ's unfavorable decision. Tr. 1-3. Plaintiff then requested this Court review the agency's denial of her first application. Tr. 1645-46.

While plaintiff's first application was on review before this Court, she simultaneously filed a second application for benefits at the administrative level pursuant to Title II of the Social Security Act. Tr. 1660-1705. On November 5, 2020, the ALJ issued a favorable decision regarding plaintiff's second application, finding that plaintiff was disabled as of September 6, 2019. Tr. 1660-1705. In light of the ALJ's decision on plaintiff's second application, this Court remanded plaintiff's first application to the agency for further review. Tr. 1706-22. The same ALJ presided over plaintiff's remand proceeding and on January 31, 2023, the ALJ, once again, denied plaintiff's first application. Tr. 1564-82. Plaintiff then bypassed her appeal to the AC and on May 30, 2023, plaintiff timely requested this Court review the ALJ's January 31, 2023 decision denying plaintiff's first application. [DE 1, 16].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

2

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff last met the insured status requirements on December 31, 2020. Tr. At 1570. Further, the ALJ determined that plaintiff did not engage "in substantial gainful activity since" her alleged onset date, October 1, 2016, through her date last insured (DLI). Tr. 1570. The ALJ then determined that through plaintiff's DLI, she had the following severe impairments: "asthma; chronic obstructive pulmonary disease; pulmonary

3

embolism; meniscus tear; tibial plateau fracture; femoral condyle fracture; osteoarthritis, knee; chondromalacia; knee replacement, left; deep vein thrombosis." Tr. 1570. Additionally, the ALJ considered the following impairments: "rash/contact dermatitis; vitamin D deficiency; nasopharyngitis; pneumonia; bronchitis; cholecystitis; gastroesophageal reflux disease; postmenopausal bleeding; diastolic dysfunction; phlebitis; varicose veins; subacromial bursitis; degenerative joint disease, shoulder; cervical radiculopathy." Tr. 1570. However, the ALJ concluded that none of plaintiff's severe impairments or combination of impairments (both severe and non-severe) met or medically equaled the severity of one of the listed impairments. Tr. 1570-71. The ALJ also found that plaintiff had the RFC to perform light work with limitations prior to September 6, 2019 – the date an ALJ determined plaintiff to be disabled in her second application. Tr. 1572-73, 1580. Next, the ALJ determined that although plaintiff was unable to perform her past relevant work as a nurse assistant, recreation facility attendant, or home health aide, Tr. 1579-80, based upon her age, education, work experience, and RFC, there were jobs which existed in significant numbers in the national economy which plaintiff could perform. Tr. 1580-81. Such jobs included routing clerk, office helper, and ticket seller. Tr. 1580-81. Accordingly, the ALJ determined plaintiff was not disabled through September 6, 2019. Tr. 1581.

In response to plaintiff's complaint, defendant asks this Court to remand the instant matter for further fact finding pursuant to sentence four of § 405(g). [DE 19]. Specifically, defendant contends that there is conflicting evidence in the record regarding whether plaintiff was disabled within the timeframe in question and, if so, the extent of her disability. [DE 19-1]. As such, defendant contends that remand, rather than reversal, is necessary for additional factfinding. [DE 19-1]. Plaintiff opposes remand, arguing that her case satisfies the "standard for reversal for payment of benefits." [DE 20]. Plaintiff's opposition rests on the fact that the ALJ has already

4

twice considered the record evidence: once during the initial filing of plaintiff's first application, and again when this Court remanded plaintiff's first application for further consideration. [DE 20]. However, the Court also notes that plaintiff's initial brief before this Court acknowledges that remand may be an appropriate, alternative solution. [DE 16].

The Court recognizes the length of time that plaintiff's claim has been pending, and the fact the ALJ has already twice considered her first application. Nonetheless, the Court determines that remand of this action is the appropriate remedy, rather than reversal, due to the conflicting evidence in the record. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). The Court further concludes that remand is appropriate because the ALJ previously considered whether plaintiff was entitled to benefits between October 1, 2016, through September 5, 2019, despite plaintiff's submitted timeframe being January 15, 2018, through September 5, 2019. [DE 16 at 2]. Tr. 1568. Thus, the Court directs the ALJ to reconsider plaintiff's impairments during plaintiff's submitted timeframe, reevaluate the RFC, obtain supplemental vocational evidence as necessary, and issue a new decision.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. The government's motion for remand is GRANTED. [DE 19]. This matter is REMANDED to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 29 day of July 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE